UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **SERVICE FIRST LOGISTICS, INC.**, <br><br> Plaintiff, <br><br> vs. <br><br> **A-ONE PALLET, INC. and MATTHEW LEE**, <br><br> Defendants. | 2:19-CV-12616-TGB <br><br><br> **ORDER GRANTING DEFENDANT A-ONE PALLET'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (ECF NO. 6)** |

Defendant A-One Pallet, Inc. ("A-One Pallet") moves to dismiss the complaint for lack of personal jurisdiction and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).[1] Because the facts as presented do not establish sufficient contacts between Defendant A-One Pallet and the state of Michigan, the Court will **GRANT** Defendant A-One Pallet's motion to dismiss for lack of personal jurisdiction.

---

[1] This case originated in the Sixth Judicial Circuit Court for the County of Oakland, State of Michigan, and Defendant A-One Pallet properly removed the action, with the consent of Defendant Matthew Lee, to this Court.

1

## I. Background

Plaintiff Service First Logistics ("SFL") is a Michigan corporation with its principal place of business in Michigan. Defendant Matthew Lee resides in Hamilton County, Kentucky, and Defendant A-One Pallet is incorporated in Kentucky, with its principal place of business in Kentucky. From March 2012 to January 2018, Defendant Lee worked for Plaintiff SFL, before beginning employment with A-One Pallet. SFL asserts that Lee, in connection with his employment, signed written agreements with SFL that included non-competition and non-solicitation provisions. The provisions included covenants not to compete or solicit SFL's customers or employees for two years after separation from SFL, and not to disclose SFL's trade secrets. Complaint, ECF No. 1-1, PageID.27. SFL's contract with Lee (the "Non-compete Agreement") expressly provides for application of Michigan law and contains a Michigan forum selection clause.

In January of 2018, Lee separated from SFL. The following month Lee began working for A-One Pallet, a competitor of SFL. SFL alleges this was in violation of the Non-compete Agreement. ECF No. 1-1, PageID.14-15. SFL also alleges that Lee solicited SFL's customers and used SFL's confidential business information and trade secrets for the benefit of A-One Pallet. The five counts alleged in SFL's complaint against Lee and A-One Pallet include breach of contract, misappropriation of trade secrets, tortious interference with contractual

2

relations, violation of Michigan Uniform Trade Secrets Act, unfair competition, and injunctive relief. Only Counts III (Tortious Interference with Contractual Relations) and V (Unfair Competition) are against Defendant A-One Pallet so only these counts will be examined in consideration of A-One Pallet's motion to dismiss for lack of personal jurisdiction and insufficient service of process pursuant to Rule 12(b)(2) and Rule 12(b)(5).

## II. Standard of Review

The plaintiff bears the burden of establishing the existence of personal jurisdiction by a preponderance of the evidence. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). When a defendant challenges personal jurisdiction through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff "may not stand on his pleading, but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). The plaintiff need only make a prima facie case that the court has personal jurisdiction. *Beydoun v. Wataniya Restaurants Holding*, 768 F.3d 499, 504 (6th Cir. 2014). The plaintiff meets this burden by setting forth "specific facts showing that the court has jurisdiction." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (quoting *Serras v. First Tennessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). The court "must consider the pleadings

3

and affidavits in a light most favorable to the plaintiff." *Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014).

### III. Discussion

A court exercises either general or specific personal jurisdiction over a defendant. "Michigan authorizes general personal jurisdiction over companies incorporated in the state, companies that consent to jurisdiction, or those that carry on 'a continuous and systematic part of [their] general business within the state.' *ABG Prime Grp. Inc. v. Mixed Chicks LLC*, No. 17-13257, 2018 WL 7134647, at *2 (E.D. Mich. May 16, 2018) (quoting Mich. Comp. Laws § 600.711).[2] To determine whether specific personal jurisdiction exists over a particular defendant, the Court "look[s] to both the long-arm statute of the forum state and constitutional due-process requirements." *MAG LAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017). "Michigan's long-arm statute 'extends to the limits imposed by federal constitutional due process requirements and thus, the two questions become one.'" *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (quoting *Michigan Coal. of Radioactive Material Users, Inc., v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). Michigan authorizes specific personal jurisdiction over a corporation "if it transacts any

---

[2] Plaintiff does not argue that Michigan has general personal jurisdiction over A-One Pallet. *See* ECF No. 10, PageID.106.

4

business in the state." *Mixed Chicks*, 2018 WL 7134647 at *2 (citing M.C.L. § 600.715).

The Due Process Clause permits courts to exercise specific jurisdiction "if the legal action 'arises out of or relates to the defendant's contacts with the forum.'" *Id.* at *3 (quoting *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1173, 1780 (2017)). "A court may exercise specific jurisdiction over a defendant only if there is an 'affiliation between the forum and the underlying controversy, principally, an activity or occurrence that takes place in the forum State.'" *Id.* (quoting *Bristol-Meyers*, 137 S. Ct. at 1781).

## A.     **The Court lacks specific personal jurisdiction**

As explained above, Michigan's specific personal jurisdiction statute extends to the limits imposed by the Due Process Clause. Courts in the Sixth Circuit apply a three-factor test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Beydoun v. Wataniya Restaurants Holding*, 768 F.3d 499, 505 (6th Cir. 2014) (quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

### i. The "purposeful availment" requirement

The purposeful availment inquiry concerns whether the defendant has "engaged in some overt actions connecting [it] with the forum state." *Carrier Corp.*, 673 F.3d at 450 (quoting *Fortis Corporate Ins. V. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006)). "Purposeful availment is present where the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum state." *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (internal quotations and citations omitted (emphasis in original)). "Purposeful availment happens when the defendant personally takes actions that create a 'substantial connection' with the forum state such that he can 'reasonably anticipate being haled into court there.'" *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 356 (6th Cir. 2014) (quoting *Neogen Corp.*, 282 F.3d at 889)).

A "substantial connection" occurs when there is "an action of the defendant personally directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 112 (1987). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277,

6

286 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

"The Supreme Court has held that intentional conduct occurring in one state which is calculated and aimed to cause injury in another state can be sufficient to satisfy personal jurisdiction." *Tech. for Energy Corp. v. Hardy*, No. 3:16-cv-91, 2018 WL 8460253, at *5 (E.D. Tenn. Jan. 22, 2018) (citing *Calder v. Jones*, 465 U.S. 783, 790-91 (1984)). But this "effects test" is applied by the Sixth Circuit narrowly; "the mere allegation of intentional tortious conduct which has injured a forum resident does not, by itself, always satisfy the purposeful availment prong." *Air Prods. and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 552 (6th Cir. 2007). In *Scotts Co. v. Aventis S.A.*, the Sixth Circuit applied the test narrowly by "evaluating whether a defendant's contacts with the forum may be enhanced if the defendant expressly aimed its tortious conduct at the forum and plaintiff's forum state was the focus of the activities of the defendant out of which the suit arises." 145 Fed. App'x 109, 113 n.1 (6th Cir. 2005). In other words, the focus is on whether the forum *state* is injured; "mere injury to a forum resident is not sufficient connection to the forum." *Walden,* 571 U.S. at 278.

While SFL alleges that "A-One intentionally and maliciously interfered with SFL's contractual relationship with Lee by inducing Lee to breach the Non-compete Agreement," there are no allegations that any breach occurred in Michigan. ECF No. 1-1, PageID.20. SFL contends that

7

A-One Pallet harmed SFL "through Lee" when Lee solicited and engaged SFL's customers "on behalf of A-One" "in violation of the non-compete and non-solicitation provisions of the Non-compete Agreement." *Id.* However, these allegations do not contain any assertions that these customers were in Michigan. SFL alleges that A-One Pallet, through Defendant Lee, solicited one of SFL's significant customers, Huron Produce, which resulted in a loss to SFL of about $250,000 per year in revenue. Plaintiff's Response, ECF No. 10, PageID.106; Neubauer Declaration, ECF 10-1, PageID.122. SFL does not assert that this customer is Michigan-based or that soliciting this customer required A-One Pallet, or Lee, to interact with Michigan. And A-One Pallet states that this customer, Huron Produce, is a Colorado corporation. Defendant's Reply, ECF No. 11, PageID.125; CO Report, ECF No. 11-1, PageID.134. This allegation does not establish that A-One Pallet has contacts in Michigan.

SFL argues that A-One Pallet's tortious interference with SFL's contract with Lee was directed to a Michigan company, affected a Michigan contract, and caused harm in Michigan; therefore, this Court has personal jurisdiction over A-One Pallet. ECF No. 10, PageID.109. While A-One Pallet's alleged tortious interference may have been directed to a Michigan company, there are no allegations that A-One Pallet took any actions personally directed toward Michigan. In *Walden,*

8

the Supreme Court made it clear that actions directed toward the forum state were required. *Walden* held that a federal district court in Nevada lacked personal jurisdiction over a defendant from Georgia who, acting while in Georgia, created a false affidavit knowing it would harm two plaintiffs located in Nevada. 571 U.S. at 289-91. The holding of *Walden* has been applied in the Sixth Circuit. *See Parker v. Winwood,* 938 F.3d 833, 840 (6th Cir. 2019) (citing *Walden*); *Bulso v. O'Shea,* 730 F. App'x 347, 350 (6th Cir. 2018) (confirming that "[a]fter *Walden*, there can be no doubt that the plaintiff cannot be the only link between the defendant and the forum").

Here, viewing all facts in a light most favorable to SFL, we can assume that A-One Pallet knew of Lee's former employment with a Michigan company and that Lee signed a Michigan non-compete agreement. We can also assume that A-One Pallet knew that if Lee solicited an SFL customer, even a customer not based in Michigan, it could harm a Michigan company. But this is still insufficient to show A-One Pallet purposefully availed itself of Michigan's jurisdiction. To find jurisdiction in such a scenario, the Court explained in *Walden*, would be to confuse the *plaintiff's* connections to the forum with those attributable to the *defendant.* 571 U.S. at 289; *see also ABG Prime Grp., LLC v. Innovative Salon Prods.*, 326 F. Supp. 3d 498, 506 (E.D. Mich. 2018) ("An injury to a Michigan company is not evidence of a defendant's contacts with Michigan itself."). The proper question is not where the *plaintiff*

9

experienced a particular injury or effect but whether the *defendant's conduct* connects him to the forum in a meaningful way; "mere injury to a forum resident is not sufficient connection to the forum." *Id.* at 278, 290. Although SFL alleges that it was damaged as a result of A-One Pallet's actions, those actions do not connect it to the state of Michigan in a meaningful way.

Plaintiff's reliance on *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894 (6th Cir. 2017), *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 257 F. Supp. 3d 853 (E.D. Mich. 2017), and *Ajuba Int'l, LLC v. Saharia*, 871 F. Supp. 2d 671 (E.D. Mich. 2012) are not to the contrary. The relevant defendant in *MAG IAS* was alleged to have traveled to Michigan on two occasions, initiated calls and emails to Michigan on a weekly basis, and engaged Michigan-based executives in financing and sales negotiations, among other things. 854 F.3d at 901. Those are not the circumstances here. In *Knight Capital*, there were allegations that the defendant thwarted business negotiations in Michigan. 157 F. Supp. 3d at 865 ("It is also fair to infer that [the defendant] and its operations had communications with or influence over decision makers with the U.S. affiliate's Michigan-based business units, and that *some of those communications* may have comprised tortious efforts by the [] defendant to induce its U.S. affiliate to scuttle the deal.") (emphasis in original).

Here, there are no allegations that A-One Pallet thwarted any Michigan-based customers of Plaintiff; instead, SLF alleges that A-One

10

Pallet hired someone who had SFL's trade secrets and that SFL lost a non-Michigan customer. And in *Ajuba*, the plaintiffs alleged that the defendants "reached into Michigan as part of their tortious scheme to unfairly compete" against the plaintiffs, visited Michigan on more than one occasion and had a Michigan area code on his business phone. 871 F. Supp. 2d at 682. Even still, *Ajuba* predates *Walden*, where the Supreme Court held that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connect[s] him to the forum in a meaningful way." 571 U.S. at 278.

Finally, SFL suggests that because Lee interacted with SFL employees in Michigan while Lee was still employed by SFL, this somehow creates contacts between A-One Pallet and Michigan, but that is not so. *See* Neubauer Declaration, ECF No. 10-1. It is well-established that a defendant cannot be haled into a foreign jurisdiction based on the "unilateral activity of another party or third person." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). Consequently, the first part of the *Southern Machine Co.* test has not been satisfied.

> **ii. Requirement that the cause of action arise from A-One Pallet's activities in Michigan**

The Sixth Circuit recognizes "the analysis of the first prong of the *Southern Machine* test involves some overlap with the analysis of the second prong." *Beydoun*, 768 F.3d at 507. The conduct "arises from" the

11

defendant's activities when the plaintiff can demonstrate "a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action." *Id.* at 506-07. "[T]he plaintiff's cause of action must be proximately caused by the defendant's contacts with the forum state." *Id.* at 507-08.

Again, in this case, SFL has failed to provide any facts which sufficiently connect A-One Pallet, or its alleged relationship with Lee, to Michigan. SFL does not allege that Lee was conducting business in Michigan on behalf of A-One Pallet. And the operative facts of the controversy—that A-One Pallet allegedly induced Lee's breach of the noncompete agreement with SFL—revolves around A-One Pallet's contact with Lee, a resident of Kentucky who is not alleged to have solicited any SFL customers in Michigan. Indeed, Defendant Lee authored an uncontested declaration stated that he has not "conducted any business in Michigan on behalf of A-One Pallet," has not "contacted, solicited, or made any sales to any customer in Michigan on behalf of A-One Pallet," and has not travelled to Michigan since he began working for A-One Pallet. ECF No. 6-2.

SFL alleges that A-One Pallet has contacts with Michigan through Lee, who was a party to a contract with a Michigan forum selection clause when he went to work for A-One Pallet. SFL does not attempt to explain how A-One Pallet directed activity towards Michigan nor does SFL explain how hiring Lee could constitute activity directed towards

12

Michigan. Again, "mere injury to a forum resident is not sufficient connection to the forum." *Walden,* 571 U.S. at 278. Further, A-One Pallet is not a party to the Non-compete Agreement with the Michigan forum selection clause. *Veteran Payment Sys, LLC v. Gossage,* No. 5:14CV981, 2015 WL 545764, at *8 (N.D. Ohio Feb. 10, 2015) (forum selection clause in employment agreement was not enforceable as against subsequent employer); *FirstMerit Corp. v. Craves*, No. 1:14-CV-02203, 2015 WL 151318, at *2 (N.D. Ohio Jan. 12, 2015) (same); *Mixed Chicks*, 2018 WL 7134647 at *11 (citing *Maxitrate Tratamento Termico E Controles v. Super Sys., Inc.*, 617 F. App'x 406, 408 (6th Cir. 2015) (holding that a defendant's knowledge that its intentional acts will cause effects in a state is insufficient to establish specific jurisdiction over the defendant)). *See also Walden*, 571 U.S. at 291 ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."). Thus, in addition to the first prong of the *Southern Machine Co.* test, the "arising from" prong is also not satisfied.

### iii. The reasonableness requirement

The final prong "requires the defendant's acts, or the consequences caused by their acts to have made such a sufficient connection with the forum state to make the exercise of jurisdiction reasonable." *Hardy*, 2018 WL 8460253, at *8. Three factors are considered: "(1) the burden on the defendant, (2) the interests of the forum State, and (3) the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co., Ltd. v. Superior*

*Court of California, Solano Cty.*, 480 U.S. 102, 113 (1987). Additionally, "the interstate judicial system's interest in obtaining the most efficient resolution of controversies[,] and the shared interest of the several States in furthering fundamental substantive social policies," should also be considered. *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

In viewing these factors, the Court finds that it would be a substantial burden on the defendant, a Kentucky corporation, to be compelled to litigate this controversy in the Eastern District of Michigan. A-One Pallet does not have an office or registered agent in Michigan, or otherwise to do business in Michigan. Irvin Declaration, ECF No. 6-1. A-One Pallet has no employees or customers in Michigan, nor does it own or lease property, or have any bank accounts there. *Id.* A-One Pallet also contends that none of its employees or representatives has traveled to Michigan for business in the last two years or more. *Id.* As A-One Pallet does not reside in this state, it would likely be required to travel to defend these claims.

Second, Michigan would have a strong interest in exercising jurisdiction over A-One Pallet because Plaintiff is a resident corporation of Michigan and having avenues for relief in Michigan serves Michigan's interest in protecting its residents' legal rights. *See Hardy*, 2018 WL 8460253 at *8 (citing *Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir. 2003)). But Michigan's interest is diminished because, as explained

14

above, Plaintiff's cause of action against A-One Pallet does not allege that any acts occurred in Michigan. *See id.* Further, even if A-One Pallet had knowledge of the Non-compete Agreement and its Michigan forum selection clause, that knowledge alone does not develop a reasonable expectation of being haled into a forum court. *See id.* ("[K]nowledge alone that an agreement made by two other parties contains a choice of law provision likely does not develop a reasonable expectation of being haled into a foreign court. [The new employer] did not enter into a contract with a Tennessee resident, nor is there any evidence that its contract with [the employee] has any connection to Tennessee at all, whether choice of law or otherwise.").

Finally, SFL has a strong interest in obtaining relief. And the interest of the interstate judicial system in obtaining the most efficient resolution of this controversy weighs in favor of resolving these claims in the Eastern District of Michigan, as all of Plaintiff's other claims against Lee will likely be decided here. However, the claims brought against A-One Pallet do not involve conduct, through Lee or otherwise, taking place in Michigan or aimed at the jurisdiction. Therefore, the third prong of the *Southern Machine Co.* test is not satisfied.

Considering all affidavits and materials submitted, the Court finds that Plaintiff SFL has failed to establish all three prongs of the *Southern*

15

*Machine Co.* test, and this Court may not exercise specific personal jurisdiction over A-One Pallet.³

## B. Defendants' insufficient service of process argument is moot

Federal Rule of Civil Procedure 4(m) permits service up to 90 days after filing of the complaint. The complaint was filed on July 22, 2019. ECF No. 1-1, PageID.25. A-One Pallet's registered agent was served with the Complaint, state court summons, federal court summons, and notice of removal on October 2, 2019. ECF No. 8. Therefore, service was made within 90 days. Accordingly, this issue is moot.

## IV. Conclusion

For the foregoing reasons, this Court holds that Plaintiff has failed to allege facts sufficient to meet its burden of establishing this Court's personal jurisdiction over Defendant A-One Pallet. Accordingly, Defendant A-One Pallet's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**. Count III and Count V of the Complaint are therefore **DISMISSED WITHOUT PREJUDICE**.

---

³ In a footnote, Plaintiff presents a one-sentence argument, without any authority, that because A-One Pallet answered SFL's complaint after it was removed, A-One Pallet consented to personal jurisdiction. ECF No. 10, PageID.107. But A-One Pallet did not answer Plaintiff's complaint. The pleading Plaintiff cite, ECF No. 2, was only Defendant Lee's answer and affirmative defenses. Therefore, consistent with the Federal Rules of Civil Procedure, A-One Pallet raised personal jurisdiction by motion prior to filing any responsive pleading. Fed. R. Civ. P. 12(h).

**IT IS SO ORDERED**.

DATED: July 30, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge