UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SERVICE FIRST LOGISTICS, INC.,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**MATTHEW LEE,**<br><br>　　　　　Defendant. | 2:19-CV-12616-TGB-MJH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AND ATTORNEY FEES** |

On August 16, 2021, Plaintiff, Service First Logistics, Inc. ("SFL"), moved to request a rule to show cause and impose contempt sanctions against non-party, A-One Pallet, Inc. ECF No. 29. SFL alleged that A-One Pallet violated the requirements of Federal Rules 30 and 45 at its corporate representative deposition, by exhibiting uncooperative conduct, including failing to prepare its representative, Bob Irvin, for the deposition. ECF No. 29, PageID.294. SFL also sought reimbursement of attorney fees for costs related to the preparation and conduct of the deposition. The Court held a hearing on December 3, 2021, requesting Defendant show cause as to why the Court should not impose sanctions. For the reasons explained below, the Court will **GRANT** Plaintiff's motion for sanctions. Having also considered Plaintiff's declaration of fees (ECF No. 45), the Court will also **GRANT** Plaintiff's request for attorneys' fees.

1

## I. BACKGROUND

From approximately March 2012 to January 2018, Defendant Mathew Lee was an employee of SFL, where he was a Senior Transportation Broker. ECF No. 1-1, PageID.16, ¶ 13. As a condition of his employment, Lee signed a two-year Employee Non-Compete, Confidentiality, and Non-Solicitation Agreement. ECF No. 1-1, PageID.16, ¶¶ 14–16. Plaintiff SFL alleges that after ending his employment with SFL, Lee breached the Agreement by going to work for SFL's competitor, A-One Pallet, Inc., ECF No. 1-1, PageID.17, ¶¶ 19–20, and starting a competing freight brokerage company, Revolution Logistics, LLC, with A-One Pallet, Inc.'s owners. Irvin Dep. ECF No. 29-2, PageID.307. Additionally, SFL alleges in violation of the Agreement, Lee solicited SFL's customers, competed against SFL, and used SFL's confidential business information and trade secrets for the benefit of A-One. ECF No. 1-1, PageID.17, ¶ 21. SFL also accused A-One Pallet of tortious interference with a contractual relationship (ECF No. 1-1, PageID.19 ¶ 40), and both defendants are accused of engaging in unfair competition against SFL. However, on July 30, 2020, this Court granted A-One Pallet's Motion to Dismiss for lack of personal jurisdiction. ECF No. 13. Accordingly, SFL's lawsuit seeks to enforce the Agreement against Lee only.

Utilizing third-party subpoenas, SFL sought documents from A-One Pallet, Inc. related to Lee's employment and arranged to depose A-

One Pallet, Inc. through its corporate representative. On February 22, 2021, SFL issued a document subpoena to A-One Pallet ECF No. 29-3 and on May 21, 2021, A-One Pallet claimed no responsive documents existed. ECF No. 29-2, PageID.319. On May 24, 2021, SFL issued a subpoena to A-One Pallet to testify at a deposition. ECF No. 29-5. After several scheduling delays, on July 21, 2021, A-One Pallet, Inc., presented Bob Irvin as its corporate representative. During the deposition, Mr. Irvin repeatedly responded, "I do not recall" to SFL's inquiries, including whether he had prepared to give testimony beforehand. *See, e.g.* ECF No. 29-2, PageID.304. Despite being provided a list of topics prior to being deposed, when Plaintiff's counsel asked Mr. Irvin what he did to prepare for a particular question, Mr. Irvin responded, "Not a damn thing." *Id.* at PageID.303.

## II. LEGAL STANDARD

A party may move for sanctions where the opposing party's corporate representative fails to attend its own deposition or fails to comply with a subpoena after being served with proper notice. Fed. R. Civ. P. 37(d); 45(g); 30(d)(2). If granted, courts "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); 30(d)(2).

In the Sixth Circuit, courts consider four factors when deciding whether to impose Rule 37 sanctions. *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150 (6th Cir. 1988) [hereinafter, the "Regional Refuse test"]. First, whether "the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Id.* Second, "whether the adversary was prejudiced by the party's failure to cooperate in discovery." *Id.* Third, "whether the party was warned that failure to cooperate could lead to the sanction." *Id.* Finally, and not relevant here because dismissal is not at issue, "whether less drastic sanctions were first imposed or considered" before issuing a sanction by dismissing the case. *Id.*

## III.  DISCUSSION

SFL moves to sanction A-One Pallet for failing to comply with the requirements of Federal Rules 30 and 45 at its corporate representative deposition.  First, the record clearly demonstrates that A-One's lack of preparation of its corporate representative reflects bad faith.  Second, A-One's failure to cooperate with SFL has undoubtedly prejudiced SFL and unnecessarily wasted resources.  Third, although the record does not indicate that A-One was warned that failure to prepare for the deposition could result in sanctions, A-One was aware via SFL's subpoena that it had a legal responsibility to comply and come forward with the relevant information. Despite SFL's providing fourteen topics of examination beforehand, A-One's corporate representative indicated he did nothing at all to prepare for the deposition.

4

On November 19, 2021, the Court issued a Show Cause Order, ECF No. 42, notifying A-One that its conduct could expose it to sanctions, and ordering it to show cause why sanctions should not be imposed. A hearing on the show cause order was conducted on December 3, 2021. *See* Transcript, ECF No. 47. At that hearing, Mr. Irvin stated that he was the only corporate officer remaining at the Company to conduct the deposition and that he did review the records in preparation for the deposition, but there were very few documents available to him. *Id.* at PageID.868. According to Mr. Irvin, he and his ex-partner, Brian Bush, had a contentious break up and his former colleague took many of the Company's records with him when he left the Company. The Company also allegedly lost pertinent records in a fire years before. Therefore, he estimates that at least 90 percent of the Company's records are missing. He stated that the Company had gone through many changes in the past couple of years, and the departure of Bush, left him with many responsibilities he was not prepared for. He claims he had little to no knowledge of the pending matter. *Id.* at PageID.865-68.

Counsel, on behalf of SFL, contested Mr. Irvin's explanation, asserting that at any point Mr. Irvin could have directed counsel to Mr. Bush but declined to do so. Counsel believes A-One knew that Mr. Bush was the more appropriate representative and strategically chose not to disclose this information. Regardless of Mr. Irvin's knowledge or intent, the deposition transcript clearly records Mr. Irvin admitting that he did

5

not prepare for the deposition. As sanction for the above conduct, SFL has requested the Court enter an order that would award SFL reimbursement of attorney fees for costs related to the preparation and conduct of the deposition. The Rules clearly reference the payment of reasonable expenses, including attorney's fees, as the appropriate sanction to be applied in these circumstances "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); 30(d)(2).

"When a court finds that an award of fees is appropriate, it must then arrive at a reasonable amount of fees to award." *Glob. Tech., Inc. v. Ningbo Swell Indus. Co.*, 2021 WL 5444761 (E.D. Mich. July 29, 2021) (citing *Bldg. Serv. Local 7 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995)). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel, yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). The Court must use the "lodestar" method to determine the appropriate amount of attorney fees. *See Barnes v. City of Cincinnati*, 401 F. 3d 729, 745 (6th Cir. 2005). "To determine the lodestar figure, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016).

Additionally, the court may adjust the lodestar figure up or down to reflect relevant considerations particular to the context of the case at hand. *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). These considerations include: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customer fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

"The party seeking an award of attorney fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). Fees that are not reasonably expended, such as fees incurred as a result of duplication of efforts, are to be excluded. *Id.* In assessing the "reasonable hourly rate" component of the lodestar method, the district court should assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of

record." *Addock-Ladd v. Sec. of Treasury*, 227 F. 3d 343, 350 (6th Cir. 2000).

The 2020 State Bar of Michigan Survey of Michigan lawyers' billing rates who practice in Royal Oak shows hourly rates ranging from $245 to $575; with the mean rate of $299 per hour.[1] Attorneys with 11 to 15 years of private practice show hourly rates ranging from $333 to $475 with a mean rate of $297. *Id*.

Courts in this district routinely rely upon the State Bar's survey as evidence of a reasonable billing rate. *See Litt v. Portfolio Recovery Assocs., LLC*, 2015 WL 1849267, (E.D. Mich. Mar. 20, 2015) (citing *Garrett v. Gila LLC*, 2012 WL 6642522 (E.D. Mich. 2012) (collecting cases); *O'Connor v. Trans. Union, LLC.*, 2008 WL 4910670 at *5 (E.D. Mich. 2008) ("District courts have relied on the State Bar of Michigan Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice.")); *see also Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501-02 (6th Cir. 2006).

Mr. Barber is lead counsel and practices in Royal Oak. His hourly billing rate is $395 per hour, well within the prevailing market range of his community. Because the 2020 State Bar of Michigan Survey evidences that Mr. Barber's hourly billing rate is reasonable, the Court

---

[1] State Bar of Michigan 2020 Economics of Law Practice Attorney Income & Billing Rate Summary Report, p. 5 (https://www.michbar.org/file/pmrc/articles/0000155.pdf)

will conclude the rate is reasonable. However, the Court finds some of the hours claimed are duplicative or otherwise unreasonable and will cut hours accordingly. *Glob. Tech., Inc. v. Ningbo Swell Indus. Co.*, 2021 WL 5444761 (E.D. Mich. July 29, 2021).

At the Court's request, SFL's counsel, Joseph W. Barber, submitted a proposal for the amount of SFL's attorney fees to be recovered from A-One Pallet for monetary sanctions. Mr. Barber provided an entry recording the time spent preparing for and conducting the corporate representative deposition of A-One Pallet, and the present motion for sanctions. The costs total $11,648: 28 reported hours at $395 per hour, plus $588 in deposition fees. ECF No. 45-1.

From February 22, 2021, to July 21, 2021, Mr. Barber recorded time entries totaling 14 hours related to: (1) drafting and revising the corporate representative subpoena; (2) drafting, revising and preparing for the A-One Pallet deposition; and (3) corresponding and scheduling the deposition. First, the Court does not consider the attorney's work related to preparing the subpoena appropriate to include in sanction-related fees (approximately 2 hours). Second, the Court also finds entries related to drafting and preparing for the deposition to be duplicative. Accordingly, although Counsel records approximately 10 hours towards editing, revising, and preparing for the deposition, the Court will award reimbursement for 7 hours. Third, the Court also finds the hours related to scheduling the deposition to be duplicative but recognizes that A-One

9

and its representative posed significant barriers in scheduling the deposition. Therefore, the approximately 2 hours related to scheduling will be reduced to 1 hour. This results in attorney fee compensation for 8 of the 14 hours Mr. Barber attributes to preparing for the deposition.

From July 21, 2021, to November 19, 2021, Mr. Barber recorded time entries totaling 14 hours related to 1) preparing and attending the deposition; 2) researching and drafting the motion for sanctions; and 3) corresponding with A-One and the Court regarding the motion for sanctions. Of the 14 hours, approximately 11 hours relate to preparing the motion for sanctions against A-One Pallet. The Court finds these entries to be duplicative, and will accordingly reduce from 11 to 7 hours. This results in attorney fee compensation for 10 of the 14 hours recorded.

Altogether, the Court will award attorney fees for 18 hours of the requested 28 hours, totaling $7,110 (18 hours x $395). Mr. Barber will also be granted reimbursement for fees related to the deposition, totaling $588. In sum, the total fees and costs to be paid by A-One amount to $7,698.

## IV. CONCLUSION

For the reasons stated above, SFL's motion for sanctions is **GRANTED**. ECF No. 29. Therefore, the Court hereby **ORDERS** A-One Pallet to pay SFL the amount of $7,698 forthwith and without delay.

**IT IS SO ORDERED.**

Dated: March 8, 2022  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 8, 2022.

s/A. Chubb
Case Manager

11